**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of New Jersey (State)

Case number (*if known*): Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Brightline Management LLC |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | All Aboard Florida Operations Management LLC |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 36-4882476 |
| 4. | **Debtor's address** | **Principal place of business**<br>350 NW 1st Avenue (Number Street)<br>Suite 200<br>Miami FL 33128 (City State ZIP Code)<br>Miami-Dade (County)<br><br>**Mailing address, if different from principal place of business**<br>Number Street<br>P.O. Box<br>City State ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number Street<br>City State ZIP Code |
| 5. | **Debtor's website (URL)** | https://www.gobrightline.com/ |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5 2 3 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes District ______ When ______ (MM / DD / YYYY) Case number ______

District ______ When ______ (MM / DD / YYYY) Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes Debtor See Annex 1 Relationship Affiliate
District District of New Jersey When 09/24/2026
MM / DD / YYYY
Case Number, if known

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard?
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other

**Where is the property?**

Number Street

City State Zip Code

**Is the property insured?**

☐ No
☐ Yes Insurance agency
Contact name
Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

[1] The Debtors' estimated number of creditors is provided on a consolidated basis.

**15. Estimated assets**[2]

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**[3]

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **09/24/2026**
MM / DD / YYYY

✘ ***/s/ Kolleen O.P. Cobb***
Signature of authorized representative of debtor

**Kolleen O.P. Cobb**
Printed name

Title **Authorized Officer**

**18. Signature of attorney**

✘ ***/s/ Michael D. Sirota***
Signature of attorney for debtor

Date **09/24/2026**
MM / DD / YYYY

**Michael D. Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**25 Main Street**
Number Street

**Hackensack**
City

**New Jersey** **07601**
State ZIP code

**(201) 489-3000**
Contact phone

**msirota@coleschotz.com**
Email address

**014321986**
Bar number

**New Jersey**
State

[2] The Debtors' estimated assets are provided on a consolidated basis.
[3] The Debtors' estimated liabilities are provided on a consolidated basis.

## ANNEX 1 – AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition, that have filed voluntary petitions in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended, substantially contemporaneously with the filing of this petition. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of FIHPNP LLC.

| | DEBTOR'S NAME | DEBTOR'S EIN |
|---|---|---|
| 1. | FIHP LLC | 20-4427296 |
| 2. | FIHPNP LLC | N/A |
| 3. | FIHPNPNJ LLC | 42-5030802 |
| 4. | AAF Jacksonville Segment LLC | N/A |
| 5. | BL Florida LLC | 88-2666071 |
| 6. | BLH Investment LLC | 93-3429987 |
| 7. | BLTF Holdings LLC | 93-4345369 |
| 8. | Brevard FGT LLC | N/A |
| 9. | Brightline East LLC | 93-4303843 |
| 10. | Brightline Holdings LLC | 36-4893027 |
| 11. | Brightline Management LLC | 36-4882476 |
| 12. | Brightline Property Holdings LLC | N/A |
| 13. | DT Miami LLC | 37-1848359 |
| 14. | Flagler Management LLC | 38-4105475 |
| 15. | Flagler Management West LLC | 38-4104144 |
| 16. | Florida Investment Holdings LLC | N/A |
| 17. | New Flagler Development LLC | N/A |

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name Brightline Management LLC |
| United States Bankruptcy Court for the:______ District of New Jersey (State) |
| Case number (If known):__________________________ |

# Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Form 201A: Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **09/24/2026**
MM / DD / YYYY

✖ ***/s/ Kolleen O.P. Cobb***
Signature of individual signing on behalf of debtor

**Kolleen O.P. Cobb**
Printed name

**Authorized Officer**
Position or relationship to debtor

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Paul D. Leake (*pro hac vice* pending)
Shana A. Elberg (*pro hac vice* pending)
Moshe S. Jacob (*pro hac vice* pending)
Bram A. Strochlic (*pro hac vice* pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Paul.Leake@skadden.com
Shana.Elberg@skadden.com
Moshe.Jacob@skadden.com
Bram.Strochlic@skadden.com

– and –

James J. Mazza, Jr. (*pro hac vice* pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
James.Mazza@skadden.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Daniel F.X. Geoghan
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
dgeoghan@coleschotz.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>FIHPNP LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-[●] ([●])<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY SECURITY HOLDERS <u>PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1</u>**

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Brightline. The location of Debtor FIHPNP LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 350 NW 1st Avenue, Suite 200, Miami, FL 33128.

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, FIHPNP LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent:[2]

1. FIHPNP LLC and FIHPNPNJ LLC are each a privately held limited liability company. Non-Debtor FIHPNP2 LLC, a Delaware limited liability company, owns 100% of the equity interests in the following Debtors: FIHPNP LLC and FIHPNPNJ LLC.

2. FIHPNP LLC owns 100% of the equity interests in FIHP LLC.

3. FIHP LLC owns 100% of the equity interest in Florida Investment Holdings LLC.

4. Florida Investment Holdings LLC owns 100% of the equity interest in BLH Investment LLC.

5. Brightline Holdings LLC is a privately held limited liability company. Florida Investment Holdings LLC owns over 95% of the common units of Brightline Holdings LLC.

6. Brightline Holdings LLC owns 100% of the equity interests in the following Debtors: Brightline Property Holdings LLC; Brightline Management LLC; New Flagler Development LLC; AAF Jacksonville Segment LLC; BL Florida LLC; and DT Miami LLC.

7. Brightline Property Holdings LLC owns 100% of the equity interests in Brevard FGT LLC.

8. New Flagler Development LLC owns 100% of the equity interests in the following Debtors: Flagler Management LLC and Flagler Management West LLC.

9. BL Florida LLC owns 100% of the equity interests in non-Debtor Brightline Florida Holdings LLC.

---

[2] Except as specified herein, non-Debtor affiliates of the Debtors are excluded from the Consolidated Corporate Ownership Statement.

10. Non-Debtor Brightline Florida Holdings LLC owns 100% of the common units and BLH Investment LLC owns 100% of the preferred units of non-Debtor AAF Operations Holdings LLC.

11. Non-Debtor AAF Operations Holdings LLC owns 100% of the equity interests in Brightline East LLC.

12. Brightline East LLC owns 100% of the equity interest in BLTF Holdings LLC.

13. Each of the foregoing entities has an address of 350 NW 1st Avenue, Suite 200, Miami, FL 33128.

| Fill in this information to identify the case: |
|---|
| Debtor name: FIHPNPNJ LLC |
| United States Bankruptcy Court for the: District of New Jersey |
| Case number (If known): ______________ |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | VIRGIN ENTERPRISES LIMITED<br>50A CHARLOTTE STREET<br>LONDON, W1T 2NS<br>UNITED KINGDOM | ATTN: BILL BUDD<br>Bill.Budd@virgin.com | Legal Settlement | | | | $ 8,619,753 |
| 2 | ANKURA INTERMEDIATE HOLDINGS, LP<br>485 LEXINGTON AVE<br>NEW YORK, NY 10017<br>UNITED STATES | ATTN: ITYLA LUNGU<br>jeff.nielsen@ankura.com<br>(202) 973-4506 | Professional Services | | | | $ 1,163,317 |
| 3 | AFCO PREMIUM CREDIT LLC DBA AFCO CREDIT CORPORATION<br>4501 COLLEGE BOULEVARD<br>SUITE 320<br>LEAWOOD, KS 66211<br>UNITED STATES | ATTN: BANKRUPTCY DEPARTMENT<br>promptservice@afco.com<br>(877) 226-5456 | Insurance | | | | $ 880,186 |
| 4 | AON RISK SERVICES, INC. OF FLORIDA<br>1001 BRICKELL BAY DRIVE<br>SUITE 1100<br>MIAMI, FL 33131<br>UNITED STATES | ATTN: DENISE TUERO<br>denise.tuero@aon.com<br>(305) 298-2735 | Professional Services | | | | $ 615,227 |
| 5 | SIDLEY AUSTIN LLP<br>1501 K STREET, N.W.<br>WASHINGTON, DC 20005<br>UNITED STATES | ATTN: RACHAEL LAUER<br>rachael.lauer@sidley.com<br>(312) 456-4313 | Professional Services | | | | $ 598,620 |
| 6 | UNITEDHEALTHCARE INSURANCE COMPANY<br>22703 NETWORK PLACE<br>CHICAGO, IL 60673<br>UNITED STATES | ATTN: AMY MAGERL<br>cori_kline@uhc.com<br>(763) 292-6183 | Insurance | | | | $ 434,725 |
| 7 | CRAVATH, SWAINE & MOORE LLP<br>825 EIGHTH AVENUE<br>WORLDWIDE PLAZA<br>NEW YORK, NY 10019<br>UNITED STATES | ATTN: JED ZOBITZ<br>JZobitz@cravath.com<br>212 (474-1996) | Professional Services | | | | $ 406,050 |
| 8 | MIAMI-DADE WATER & SEWER<br>3071 SW 38TH AVE<br>MIAMI, FL 33146<br>UNITED STATES | ATTN: JAY FINK<br>wasd_custrelations@miamidade.gov<br>(305) 665-7477 | Trade Payable | | | | $ 361,554 |
| 9 | JONATHAN NASH KC<br>3 VERULAM BUILDINGS<br>GRAY'S INN<br>LONDON, WC1R 5NT<br>UNITED KINGDOM | ATTN: JONATHAN NASH KC<br>mpitchley@3vb.com<br>44-020-7831-8441 | Professional Services | | | | $ 218,692 |
| 10 | KROLL BOND RATING AGENCY, LLC<br>805 THIRD AVE<br>29TH FLOOR<br>NEW YORK, NY 10022<br>UNITED STATES | ATTN: HAYE JIMENEZ<br>hayde.jimenez@kbra.com<br>(929) 798-8301 | Professional Services | | | | $ 200,000 |
| 11 | KPMG LLP<br>8350 BROAD STREET<br>SUITE 900<br>MCLEAN, VA 22102<br>UNITED STATES | ATTN: MARIS SMITH<br>sooyoungplee@kpmg.com<br>(703) 286-8201 | Professional Services | | | | $ 190,313 |
| 12 | ERNST & YOUNG U.S. LLP<br>200 PLAZA DRIVE<br>SECAUCUS, NJ 07094<br>UNITED STATES | ATTN: MARIA CORONADO<br>Maria.Coronado@ey.com<br>(954) 260-2832 | Professional Services | | | | $ 174,375 |
| 13 | CONSILIO, LLC<br>1828 L STREET NW<br>SUITE 1070<br>WASHINGTON, DC 20036<br>UNITED STATES | ATTN: TOM BURNS<br>tburns@consilio.com<br>(630) 776-8386 | Trade Payable | | | | $ 123,418 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | JAMES MCWILLIAMS<br>3 VERULAM BUILDINGS<br>GRAY'S INN<br>LONDON, WC1R 5NT<br>UNITED KINGDOM | ATTN: JAMES MCWILLIAMS<br>mpitchley@3vb.com<br>44-020-7831-8441 | Professional Services | | | | $ 118,588 |
| 15 | SEDA EXPERTS, LLC<br>1185 AVENUE OF THE AMERICAS<br>3RD FLOOR<br>NEW YORK, NY 10036<br>UNITED STATES | ATTN: DAMIANO COLNAGO<br>pselman@sedaexperts.com<br>(646) 672-2564 | Professional Services | | | | $ 70,016 |
| 16 | DAYFORCE US, INC.<br>3311 EAST OLD SHAKOPEE ROAD<br>MINNEAPOLIS, MN 55425<br>UNITED STATES | ATTN: INVESTOR RELATIONS<br>investors@dayforce.com<br>(844) 829-9499 | Trade Payable | | | | $ 37,046 |
| 17 | LEVEL 3 COMMUNICATIONS, LLC DBA LUMEN TECHNOLOGIES COMPANY<br>100 CENTURY LINK DRIVE<br>MONROE, LA 71203<br>UNITED STATES | ATTN: JIM BREEN<br>investor.relations@lumen.com<br>(603) 404-7003 | Trade Payable | | | | $ 3,311 |
| 18 | WEX HEALTH, INC.<br>4321 20TH AVE. S<br>FARGO, ND 58103<br>UNITED STATES | ATTN: PEDRO ALVAREZ<br>pedro.alvarez@wexinc.com<br>(207) 523-7769 | Employee Benefits | | | | $ 2,415 |
| 19 | HEALTH ADVOCATE SOLUTIONS, INC.<br>721 ARBOR WAY<br>SUITE 150<br>BLUE BELL, PA 19422<br>UNITED STATES | ATTN: LEGAL DEPARTMENT<br>info@HealthAdvocate.com<br>(866) 799-2655 | Trade Payable | | | | $ 2,363 |
| 20 | CONCUR TECHNOLOGIES, INC.<br>601 108TH AVENUE NE<br>SUITE 100<br>BELLEVUE, WA 98004<br>UNITED STATES | ATTN: MELVIN GLINOGA<br>sap_concur_hv_na@sap.com<br>(610) 661-1000 | Trade Payable | | | | $ 1,547 |

Execution Version

**OMNIBUS WRITTEN CONSENT**
**OF**
**BLTF HOLDINGS LLC,**
**BRIGHTLINE EAST LLC,**
**BRIGHTLINE MANAGEMENT LLC,**
**BL FLORIDA LLC,**
**BRIGHTLINE HOLDINGS LLC,**
**BLH INVESTMENT LLC,**
**FLORIDA INVESTMENT HOLDINGS LLC,**
**FIHP LLC,**
**FIHPNP LLC,**
**FIHPNPNJ LLC,**
**NEW FLAGLER DEVELOPMENT LLC,**
**FLAGLER MANAGEMENT LLC,**
**FLAGLER MANAGEMENT WEST LLC,**
**AAF JACKSONVILLE SEGMENT LLC,**
**BRIGHTLINE PROPERTY HOLDINGS LLC,**
**BREVARD FGT LLC,**
**AND**
**DT MIAMI LLC**
**(collectively, the "Filing Companies" and each, a "Filing Company")**

**AND**

**BRIGHTLINE TRAINS FLORIDA LLC,**
**AND**
**AAF OPERATIONS HOLDINGS LLC**

**(collectively, the "Non-Filing Companies" and each, a "Non-Filing Company" and, collectively with the Filing Companies, the "Companies" and each, a "Company")**

**September 24, 2026**

The undersigned, being the members of the board of directors, board of managers, the sole member or the equivalent governing body (each, a "Governing Body"), as applicable, of each of the Companies, hereby adopt the following resolutions with respect to the applicable Company by written consent pursuant to applicable law and such Company's operating agreement, limited liability company agreement or other equivalent governing document, as applicable, and with full force and effect as if adopted by the unanimous affirmative vote of the applicable Governing Body at a meeting of such Governing Body, duly called and constituted, to be effective immediately upon the execution of this written consent:

**WHEREAS**, as used herein, the term **"**Affiliated Capacity**"** shall mean the capacity of the board of directors or board of managers (each a "Board" and collectively, the "Boards"), as applicable, of (a) Florida Investment Holdings LLC, a Delaware limited liability company ("Florida Investment Holdings"), to authorize the actions herein to be taken by Florida Investment Holdings, and to cause Florida Investment Holdings, in Florida Investment Holdings' capacity as

the sole member of BLH Investment LLC, a Delaware limited liability company ("BLH"), to thereby authorize the actions herein to be taken by BLH, (b) Brightline Holdings LLC, a Delaware limited liability company ("Brightline Holdings"), to authorize the actions herein to be taken by Brightline Holdings, and to cause Brightline Holdings, in Brightline Holdings' capacity as the sole member of (i) Brightline Property Holdings LLC, a Delaware limited liability company ("Brightline Property Holdings"), to thereby authorize the actions herein to be taken by Brightline Property Holdings, and to cause Brightline Property Holdings, in Brightline Property Holdings' capacity as the sole member of Brevard FGT LLC, a Delaware limited liability company ("Brevard"), to thereby authorize the actions herein to be taken by Brevard, (ii) Brightline Management LLC, a Delaware limited liability company ("BL Management"), to thereby authorize the actions herein to be taken by BL Management, (iii) New Flagler Development LLC, a Delaware limited liability company ("New Flagler"), to thereby authorize the actions herein to be taken by New Flagler, and to cause New Flagler, in New Flagler's capacity as the sole member of (A) Flagler Management LLC, a Delaware limited liability company ("Flagler Management"), to authorize the actions herein to be taken by Flagler Management and (B) Flagler Management West LLC, a Delaware limited liability company ("Flagler West"), to thereby authorize the actions herein to be taken by Flagler West, (iv) AAF Jacksonville Segment LLC, a Delaware limited liability company ("AAF Jacksonville"), to thereby authorize the actions herein to be taken by AAF Jacksonville, (v) BL Florida LLC, a Delaware limited liability company ("BL Florida"), to thereby authorize the actions herein to be taken by BL Florida, and (vi) DT Miami LLC, a Delaware limited liability company ("DT Miami") to thereby authorize the actions herein to be taken by DT Miami, (c) AAF Operations Holdings LLC, a Delaware limited liability company ("AAFOH"), to authorize the actions herein to be taken by AAFOH, and to cause AAFOH, in AAFOH's capacity as the sole member of Brightline East LLC, a Delaware limited liability company ("Brightline East"), to thereby authorize the actions herein to be taken by Brightline East, (d) Brightline East LLC, a Delaware limited liability company ("Brightline East"), to authorize the actions to be taken by Brightline East, and to cause Brightline East, in Brightline East's capacity as the sole member of BLTF Holdings LLC, a Delaware limited liability company ("BLTF"), to thereby authorize the actions herein to be taken by BLTF, and (e) BLTF to authorize the actions to be taken by BLTF, and to cause BLTF, in BLTF's capacity as the sole member of Brightline Trains Florida LLC, a Delaware limited liability company ("Brightline Trains Florida"), to thereby authorize the actions herein taken by Brightline Trains Florida;

**WHEREAS**, for all purposes herein, when a Board authorizes a Company (other than the Company that such Board is the Governing Body of) to take the actions herein, such Board acts in its Affiliated Capacity;

**WHEREAS**, the Board of each Company, in its Affiliated Capacity, and the Governing Body of each Company, has reviewed and analyzed the materials presented by management and the applicable Company's outside financial and legal advisors regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long term prospects of such Company and the restructuring and other strategic alternatives available to them, and the impact of the foregoing on such Company's business;

**WHEREAS**, based on its review of all available alternatives and advice provided by such advisors and professionals, the Board of each Company, in its Affiliated Capacity, and the Governing Body of each Company, has determined that it is in the best interest of each of the

Companies, and their respective creditors, stakeholders, and other parties-in-interest, for each of the Companies to take the actions specified in the following resolutions, as applicable;

**Chapter 11 Filing**

**WHEREAS**, the Board of each Filing Company, in its Affiliated Capacity, and the Governing Body of each Filing Company, has been presented with proposed voluntary petitions for relief (each, a "Petition" and collectively, the "Petitions") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), for the purpose of initiating a bankruptcy case (each, a "Bankruptcy Case");

**WHEREAS**, pursuant to Section 9(j)(iii) of each of (a) the Amended and Restated Limited Liability Company Agreement of Brightline East, dated as of May 9, 2024 (as amended, restated, supplemented or otherwise modified through the date hereof, the "East LLCA"), and (b) the Amended and Restated Limited Liability Company Agreement of BLTF, dated as of May 9, 2024 (as amended, restated, supplemented or otherwise modified through the date hereof, the "BLTF LLCA" and, together with the East LLCA, the "LLC Agreements"), none of the Member, the Board, any Officer, any Manager or any other Person (each as defined in the applicable LLC Agreement) is authorized or empowered, nor may any of them permit Brightline East or BLTF, as applicable, to take any Major Action (as defined in the applicable LLC Agreement) without the prior unanimous written consent of the Member and the Board (including the Independent Manager (as defined in the applicable LLC Agreement)) of each of Brightline East and BLTF, as applicable; and

**WHEREAS**, (a) filing Petitions under the Bankruptcy Code in the Bankruptcy Court for the purpose of initiating a Bankruptcy Case and (b) entering into the Financing Documents (as defined below) may be deemed to be Major Actions.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board of each Filing Company, in its Affiliated Capacity, and the Governing Body of each Filing Company, having considered the financial and operational aspects of the applicable Filing Company's business and the best course of action to maximize value, has determined, after consultation with management and the legal and financial advisors of the applicable Filing Company, that it is desirable and in the best interests of the applicable Filing Companies, and their respective creditors, stakeholders, and other parties-in-interest, that the applicable Filing Companies file Petitions under the Bankruptcy Code in the Bankruptcy Court for the purpose of initiating a Bankruptcy Case;

**FURTHER RESOLVED**, that the Authorized Persons (as defined below) acting individually or collectively, be, and hereby are, authorized and directed, in the name and on behalf of each Filing Company, to execute and verify the Petitions, as applicable, and to prepare, execute and deliver any documents, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings"), to cause its Petitions and the Chapter 11 Filings to be filed with the Bankruptcy Court, and to take any and all such further action as may be required in connection with the Bankruptcy Cases or deemed necessary, desirable or advisable in the sole discretion of any Authorized Person, including, without limitation, the payment of fees, expenses and taxes; and

**FURTHER RESOLVED**, that the Authorized Persons, acting individually or collectively be, and hereby are, authorized and directed, in the name and on behalf of each Filing Company, to cause such Filing Company to continue to conduct business operations in the ordinary course during the pendency of its Bankruptcy Case, subject to the restrictions of the Bankruptcy Code and Bankruptcy Court.

**$257.7M Financing Documents**

**WHEREAS**, it is proposed that Brightline Trains Florida enter into a Senior Secured Note Purchase Agreement, substantially consistent with the material terms presented to the applicable Governing Bodies (the "Note Purchase Agreement"), by and among Brightline Trains Florida, as the issuer, the purchasers from time to time party thereto (the "Purchasers") and Deutsche Bank National Trust Company ("DBNTC"), as the administrative and paying agent (or such other agent to be agreed upon, in such capacities, the "Administrative Agent"), pursuant to which, among other things, Brightline Trains Florida will complete an offering of securities pursuant to Section 4(a)(2) of the Securities Act of 1933, as amended (the "Securities Act"), or otherwise (such offering and the related issuance, execution, sale and delivery, the "Notes Offering") of $257,700,000 in aggregate principal amount of notes, evidencing secured indebtedness of Brightline Trains Florida (each, a "Note" and, collectively, the "Notes");

**WHEREAS**, pursuant to the Note Purchase Agreement, it is proposed that (a) Brightline Trains Florida will cause the obligations under the Note Purchase Agreement to be secured on a pari passu basis with the obligations under its other senior secured debt by way of an Accession Agreement to the Collateral Agency Agreement (the "Accession Agreement"), by the Administrative Agent to DBNTC as the collateral agent under the Collateral Agency Agreement referred to below (in such capacity, the "Collateral Agent") and acknowledged by Brightline Trains Florida, and (b) BLTF and Brightline Trains Florida reaffirm their respective obligations under the Collateral Agency Agreement and related security documents and make a new precautionary grant of a security interest in their respective Collateral (as defined in the Collateral Agency Agreement) by way of a Reaffirmation Agreement (the "Reaffirmation Agreement"), by BLTF and Brightline Trains Florida to the Collateral Agent and acknowledged by the Administrative Agent;

**WHEREAS**, in connection with the contemplated entry into the Note Purchase Agreement, Brightline Trains Florida has entered into that certain Omnibus Consent Under Senior Loan Agreement and Collateral Agency Agreement, dated as of September 24, 2026 (the "SLA and CAA Consent"), by and among Brightline Trains Florida, Assured Guaranty Inc. (successor by merger to Assured Guaranty Municipal Corp.) ("AGI"), DBNTC, as trustee and as secured debt representative representing the required secured creditors under the Collateral Agency Agreement (in such capacity, the "Trustee"), and the Collateral Agent, pursuant to which, among other things, AGI has consented to the incurrence of the obligations under the Note Purchase Agreement under and in accordance with that certain Collateral Agency, Intercreditor and Accounts Agreement, dated as of May 9, 2024 (as amended by that certain First Supplemental Collateral Agency, Intercreditor and Accounts Agreement, dated as of May 21, 2026, and the SLA and CAA Consent and as may be further amended, restated, supplemented or otherwise modified prior to the date hereof, the "Collateral Agency Agreement"), by and among Brightline Trains Florida, as the borrower, the Trustee, the other Secured Debt Representatives (as defined therein) party thereto,

the Collateral Agent, the Account Bank (as defined therein) and each other Secured Party (as defined therein) from time to time party thereto, and that certain Senior Loan Agreement, dated as of May 9, 2024 (as amended by that certain Amendment No. 1 to Senior Loan Agreement, dated as of September 1, 2026, and the SLA and CAA Consent and as further amended, restated, amended and restated, modified or otherwise supplemented and in effect from time to time prior to the date hereof, the "Senior Loan Agreement"), by and among Florida Development Finance Corporation, a public body corporate and politic, and a public instrumentality organized and existing under the laws of the State of Florida, and Brightline Trains Florida;

**WHEREAS**, pursuant to the Note Purchase Agreement, it is proposed that the Affiliate Entities enter into one or more Affiliate Guarantor Intercompany Notes (each , an "Intercompany Note") in favor of Brightline Trains Florida, pursuant to which Brightline Trains Florida may, directly or indirectly, advance proceeds received by Brightline Trains Florida under the Note Purchase Agreement to the entities listed in Annex A (the "Affiliate Entities" and together with BLTF and Brightline Trains Florida, the "Financing Entities" and each a "Financing Entity"), pursuant to which, among other things, the Affiliate Entities will grant liens on their assets to Brightline Trains Florida to secure such Affiliate Entities' obligations under any Intercompany Note, grant a guarantee of Brightline Trains Florida's obligations under the Note Purchase Agreement to the extent the Affiliate Entities receive, directly or indirectly, any proceeds of the Notes (the "Guarantee Obligations") and grant liens on their assets to the Collateral Agent to secure the Guarantee Obligations;

**WHEREAS**, pursuant to the Note Purchase Agreement, the Notes, the Accession Agreement, the Reaffirmation Agreement, the SLA and CAA Consent and any Intercompany Note, it is proposed that each of BLTF, Brightline Trains Florida, and certain of the Affiliate Entities enter into certain related documents, including, but not limited to, any guarantee, counterpart agreement, promissory note, instrument or agreement, commitment letter, fee letter, lien waiver, compliance certificate, side letters, security, guaranty or collateral documents or agreements, notices, mortgages, financing statements, certificates, acknowledgements, receipts, filings and any other letter, agreement or document typically related to or entered into in connection with financing transactions of the type contemplated by or in furtherance of the Note Purchase Agreement, the Notes, the Accession Agreement, the Reaffirmation Agreement, the SLA and CAA Consent and any Intercompany Note (the foregoing, together with the Note Purchase Agreement, the Notes, the Accession Agreement, the Reaffirmation Agreement, the SLA and CAA Consent and any Intercompany Note, collectively with any amendments, amendment and restatements, joinders, supplements or other modifications thereto, the "Financing Documents");

**WHEREAS**, each Financing Entity expects to realize substantial direct and indirect benefits as a result of entering into the Financing Documents and/or any related documents to which Brightline Trains Florida or such Affiliate Entity is a party;

**WHEREAS**, on September 18, 2026, Brightline Trains Florida made an intercompany loan in the amount of $500,000 to FIHPNPNJ LLC, a New Jersey limited liability company ("FIHPNPNJ") (the "FIHPNPNJ Intercompany Loan"), the proceeds of which may be used to fund an account maintained by FIHPNPNJ to pay future administrative and legal expenses incurred in connection with the restructuring of the Companies, including without limitation the Chapter 11 Filings;

**WHEREAS**, in accordance with Sections 11.3 and 11.6 of the Amended and Restated Limited Liability Company Agreement of Brightline Holdings, dated as of March 4, 2019 (as amended, restated, supplemented or otherwise modified through the date hereof), the material terms of each Intercompany Note have been disclosed to the Board of Brightline Holdings and the undersigned members of such Board constitute at least a majority of such Board;

**WHEREAS**, in accordance with Section 9(j)(iv)(H) of each of (a) the East LLCA, (b) the BLTF LLCA, and (c) the Fourth Amended and Restated Limited Liability Company Agreement of Brightline Trains Florida, dated as of May 9, 2024 (as amended, restated, supplemented or otherwise modified through the date hereof, the "Brightline Trains Florida LLCA"), the Board of each of Brightline East, BLTF and Brightline Trains Florida has been presented with the material terms of each Intercompany Note and determined that they have been negotiated and prepared on an arm's-length basis with terms and conditions that are commercially reasonable and substantially similar to those that would be available to each such Company on an arm's-length basis with unaffiliated third parties;

**WHEREAS**, pursuant to Sections 9(j)(iv)(H), 9(j)(iv)(J), 9(j)(iv)(Q) and 9(j)(iv)(Y) of the Brightline Trains Florida LLCA, as long as any of the Bonds or any other Senior Indebtedness (each as defined in the Brightline Trains Florida LLCA) are outstanding, on and after the date of the Brightline Trains Florida LLCA, the Board of Brightline Trains Florida must cause the Brightline Trains Florida to refrain from taking certain specified actions (such actions, the "Prohibited Actions");

**WHEREAS**, the entry into any Intercompany Note and the making of the FIHPNPNJ Intercompany Loan, and the consummation of the transactions contemplated thereby, may be deemed Prohibited Actions;

**WHEREAS**, the Board of Brightline Trains Florida (including the Independent Manager (as defined in the Brightline Trains Florida LLCA)) and the Member (as defined in the Brightline Trains Florida LLCA) of Brightline Trains Florida desire to amend the Brightline Trains Florida LLCA to (a) carve out the entry into any Intercompany Note and the making of the FIHPNPNJ Intercompany Loan, and the consummation of the transactions contemplated thereby, from the Prohibited Actions, in each case, effective as of September 18, 2026, and (b) amend and restate in its entirety the definition of "Senior Loan Agreement" in Schedule A of the Brightline Trains Florida LLCA to read as follows: "means that certain Senior Loan Agreement, dated as of May 9, 2024 by and between the Issuer and the Company, pursuant to which the Issuer agrees to lend the proceeds of the Series 2024 Bonds to the Company, as amended, restated, supplemented or modified from time to time", effective as of May 21, 2026 (the "Loan Amendment");

**WHEREAS**, pursuant to Section 9(j)(iii) of the Brightline Trains Florida LLCA, none of the Member, the Board, any Officer, any Manager or any other Person (each as defined in the Brightline Trains Florida LLCA) is authorized or empowered, nor may any of them permit Brightline Trains Florida to take any Major Action (as defined in the Brightline Trains Florida LLCA) without the prior unanimous written consent of the Member and the Board (including the Independent Manager (as defined in the Brightline Trains Florida LLCA)) of Brightline Trains Florida; and

**WHEREAS**, the amendment of the Brightline Trains Florida LLCA may be deemed a Major Action.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board of each Filing Company, in its respective Affiliated Capacity, and the Governing Body of each Filing Company, has determined, in connection with each Bankruptcy Case, it is desirable and in the best interest of the Filing Companies, their creditors, stakeholders, and other interested parties to, in the case of each Financing Entity, enter into the Financing Documents on such terms and conditions as any Authorized Person, deems to be in the best interest of such Financing Entity (the "Financing Transaction"), subject to any exceptions and limitations set forth in any orders of the Bankruptcy Court in respect of the Financing Transaction (the "DIP Order"); provided, however, that the Independent Manager's approval of this resolution is limited to approval of the motion seeking entry of the DIP Order, entry into each Intercompany Note and the consummation of the transactions contemplated thereunder, in each case, solely to the extent required under the BLTF LLCA, the Brightline Trains Florida LLCA, and the East LLCA, and does not constitute approval of the Financing Transaction in its entirety;

**FURTHER RESOLVED**, that each Financing Entity is authorized to incur the obligations and to undertake any and all related transactions contemplated by the Financing Documents, including without limitation to (a) seek approval of any of the Financing Documents from the Bankruptcy Court pursuant to the DIP Order and (b) take all actions (including negotiating and executing any agreements, documents, or certificates) necessary or advisable to implement the DIP Order, including (i) paying any fees and expenses related thereto, (ii) guarantying the obligations of the loan parties under any of the Financing Documents, (iii) granting senior secured liens and security interests in, and pledging, mortgaging, and granting deeds of trust with respect to, its right, title, and interest in and to its properties and assets, whether now owned or hereafter acquired, to the extent required to secure the obligations of the loan parties under the Financing Documents with such changes therein and additions thereto as any Authorized Person executing the same may, in their absolute discretion, deems to be in the best interest of such Financing Entity, the execution of any of the Financing Documents and security documents to be conclusive evidence of the approval thereof, and (iv) consummating the transactions contemplated by the foregoing, including incurring the obligations contemplated in connection therewith;

**FURTHER RESOLVED**, that the form, terms, conditions and provisions of the Financing Documents, and the transactions contemplated thereby, including the Notes Offering, be, and they hereby are, authorized, approved and adopted in all respects, and that the Authorized Persons acting individually or collectively, be, and hereby are, authorized and directed, in the name and on behalf of each Financing Entity, to execute and deliver the Financing Documents, as applicable, with such changes therein as such Authorized Person, preparing the same, shall, by preparation thereof, approve, such approval to be conclusively evidenced by the execution and delivery thereof, and to prepare, execute and deliver any agreements, certificates, notices, documents, instruments and papers and to take any and all such further action as may be required in connection with the Financing Documents or deemed necessary, desirable or advisable in the sole discretion of any Authorized Person, including, but not limited to, the following actions:

(a) create, issue and sell the Notes by Brightline Trains Florida in an aggregate principal amount of $257,700,000 in a private offering exempt from, or otherwise

not subject to, the registration requirements of the Securities Act (including any offering conducted in reliance on Section 4(a)(2) of the Securities Act), pay all interest, fees and expenses under the Note Purchase Agreement and the other Financing Documents and to consummate the transactions contemplated thereby;

(b) negotiate the terms of, execute, authorize, deliver, verify, and/or file, or cause to be executed, authorized, delivered, verified and/or filed, the Financing Documents;

(c) pledge, mortgage, hypothecate, encumber and grant a lien or a security interest in the Collateral or such other collateral as contemplated by the Reaffirmation Agreement, each Intercompany Note or any other security documents, now or hereafter acquired, as security for the obligations under the Financing Documents; and

(d) execute, authorize, deliver, verify, and/or file, or cause to be executed, authorized, delivered, verified and/or filed any amendments, amendment and restatements, joinders, supplements, continuation statements or other modifications to the Financing Documents or other documents, in each case in such form and containing such terms and conditions as the Authorized Person or Authorized Persons executing the same may approve, the authorization and approval of such Financing Entity to be conclusively evidenced by such Authorized Person's or Authorized Persons' execution thereof, and to do and perform, or cause to be done and performed, all obligations of such Financing Entity under the Financing Documents to which it is a party, and all acts, deeds and things, in each case in the name of and on behalf of such Financing Entity, or otherwise, as such Authorized Person or Authorized Persons may deem necessary or appropriate for the foregoing purposes;

**FURTHER RESOLVED**, that the terms and conditions of the FIHPNPNJ Intercompany Loan, be, and they hereby are, ratified, authorized, approved and adopted in all respects; and

**FURTHER RESOLVED**, that the Brightline Trains Florida LLCA is hereby amended to (a) carve out the entry into any Intercompany Note and the making of the FIHPNPNJ Intercompany Loan, and the consummation of the transactions contemplated thereby, from the Prohibited Actions, in each case, effective as of September 18, 2026 and (b) amend and restate in its entirety the definition of "Senior Loan Agreement" in Schedule A of the Brightline Trains Florida LLCA in accordance with the Loan Amendment, effective as of May 21, 2026.

**Retention of Advisors**

**FURTHER RESOLVED**, that the Authorized Persons, acting individually or collectively be, and hereby are, authorized and directed, in the name and on behalf of each Company, to retain and employ (or continue to retain and employ, as applicable) professionals to render services to such Company in connection with its Petition, Chapter 11 Filings, the Financing Documents and all other matters contemplated by these resolutions, including, without limitation, (a) Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps") to act as lead restructuring counsel to Brightline East and BLTF (together, the "Downstream Debtors") and as co-counsel to FIHPNPNJ and FIHPNP LLC and its debtor subsidiaries (excluding the Downstream Debtors) (collectively,

the "Upstream Debtors"), (b) Cole Schotz P.C. ("Cole Schotz") to act as co-counsel to the Downstream Debtors and as lead restructuring counsel to the Upstream Debtors, (c) Perella Weinberg Partners LP ("PWP") to act as co-investment banker, (d) Houlihan Lokey, Inc. ("Houlihan") to act as co-investment banker, (e) Alvarez & Marsal North America, LLC ("A&M") to act as financial advisor, and (f) Stretto, Inc. ("Stretto") to act as claims and noticing agent and administrative advisor;

**FURTHER RESOLVED**, that the Authorized Persons, acting individually or collectively be, and hereby are, authorized and directed, in the name and on behalf of each Company, to (a) continue the employment and retention of professionals in the ordinary course as long as such Authorized Persons deem appropriate and, in connection with its Bankruptcy Case and (b) retain and employ other attorneys, accountants, and other professionals to assist in such Bankruptcy Case on terms as are deemed necessary, desirable or advisable; and

**FURTHER RESOLVED**, that the Authorized Persons, acting individually or collectively be, and hereby are, authorized and directed, in the name and on behalf of each Company, to execute (to the extent not already executed) any engagement letters, agreements and such other documents necessary to retain Skadden Arps, Cole Schotz, PWP, Houlihan, A&M, Stretto, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "Professionals"), and to cause such Company to pay retainers to such Professionals prior to the filing of its Bankruptcy Case or after to the extent appropriate and permitted in its Bankruptcy Case, and to cause to be filed applications or motions seeking authority to retain and pay for the services of such Professionals.

**General Authorization; Ratification**

**FURTHER RESOLVED**, that, Kolleen Cobb and the officers of the Companies (each an "Authorized Person" and together the "Authorized Persons"), acting individually or collectively, be, and hereby are, authorized and directed, in the name and on behalf of the Companies, to take or cause to be taken all such further actions and to prepare, execute, verify, file or deliver or cause to be prepared, executed, verified, filed and delivered, in the name and on behalf of the Companies, any and all agreements, notes, certificates, notifications, applications, registrations, reports, consents, petitions, schedules, lists, motions, or other instruments or documents, or any amendments thereto and to incur and pay all such fees and expenses, or to do and to cause to be done any and all other acts and things as may be determined by such Authorized Persons to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions (with such determination to be conclusively, but not exclusively, evidenced by such action without any further action or approval by the Boards, acting in their respective Affiliated Capacity, or the Governing Body of each Company, as applicable);

**FURTHER RESOLVED**, that, any person dealing with any Authorized Person in connection with any of the foregoing matters shall be conclusively, but not exclusively, entitled to rely upon the authority of such Authorized Persons by their execution of any document, agreement or instrument, the same shall be a valid and binding obligation of the Companies, as applicable, enforceable in accordance with its terms;

**FURTHER RESOLVED**, that, the execution by any Authorized Person, of any document, agreement or instrument authorized by these resolutions, or any document, agreement or instrument executed in the accomplishment of any action or actions so authorized, is and shall become upon delivery the enforceable and binding act and obligation of the Companies, as applicable, without the necessity of the signature or attestation of any other officer of the Companies or the affixing of any corporate seal;

**FURTHER RESOLVED**, that, the authority conferred upon any Authorized Persons by these resolutions shall be in addition to, and in no way shall limit, such other authority as any such Authorized Persons may have with respect to the actions contemplated by these resolutions;

**FURTHER RESOLVED**, that, any and all agreements, notes, certificates, notifications, applications, registrations, reports, consents or other instruments or documents previously executed, verified, filed or delivered or caused to be executed, verified, filed or delivered and all actions previously taken, done or performed or caused to be taken, done or performed by the Companies or any Authorized Persons in connection with the documents, transactions and actions contemplated by the foregoing resolutions be, and hereby are, adopted, ratified, confirmed, approved and accepted in all respects in full as and for the acts and deeds of the Companies, as applicable, as if such actions or deeds had been presented to the applicable Governing Body of each Company, as applicable, for its approval prior to such actions or deeds being taken;

**FURTHER RESOLVED**, that the omission from the foregoing resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the foregoing resolutions shall in no manner derogate from the authority of Authorized Person to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and

**FURTHER RESOLVED**, that, any and all actions heretofore or hereafter taken by any Authorized Person intended to carry out the intent of the foregoing resolutions are hereby ratified, confirmed and approved in all respects as the acts and deeds of the Companies.

[*Signature pages follow*.]

**IN WITNESS WHEREOF**, the undersigned members of the Board of FIHPNPNJ LLC have hereby executed this written consent as of the date first written above.

**BOARD OF DIRECTORS OF FIHPNPNJ LLC**

DocuSigned by:
1023694A83EB48F...
Demetrios Tserpelis

Signed by:
C533B30B00E3437...
Esdres Montolio

Signed by:
39654B6E5878469...
Kenneth Nicholson

Signed by:
0DBEF0EF6164426...
Alan Carr

DocuSigned by:
B8DC928067D247D...
Robert Warshauer

**IN WITNESS WHEREOF**, the undersigned members of the Board of FIHPNP LLC have hereby executed this written consent as of the date first written above.

**BOARD OF DIRECTORS OF FIHPNP LLC**

DocuSigned by:
1023604A83EB48F...
______________________________
Demetrios Tserpelis

Signed by:
C533B30B00E3437...
______________________________
Esdres Montolio

Signed by:
Kenneth Nicholson
39654B6E5878469...
______________________________
Kenneth Nicholson

Signed by:
0DBFF0FF6164426...
______________________________
Alan Carr

DocuSigned by:
Robert Warshauer
B8DC928067D247D...
______________________________
Robert Warshauer

**IN WITNESS WHEREOF**, the undersigned members of the Board of FIHP LLC have hereby executed this written consent as of the date first written above.

**BOARD OF DIRECTORS OF FIHP LLC**

Signed by:
Kenneth Nicholson
39654B6E5878469...

Kenneth Nicholson

DocuSigned by:
1023694A83EB48F...

Demetrios Tserpelis

Signed by:
C533B30B00E3437...

Esdres Montolio

Signed by:
0DBFF0FF6164426...

Alan Carr

DocuSigned by:
Robert Warshauer
B8DC928067D247D...

Robert Warshauer

**IN WITNESS WHEREOF**, the undersigned members of the Board of Florida Investment Holdings LLC have hereby executed this written consent as of the date first written above.

**BOARD OF DIRECTORS OF FLORIDA INVESTMENT HOLDINGS LLC**

Signed by:
39654B6E5878469...

Kenneth Nicholson

DocuSigned by:
1023694A83EB48F...

Demetrios Tserpelis

Signed by:
C533B30B00E3437...

Esdres Montolio

Signed by:
0DBFF0FF6164426...

Alan Carr

DocuSigned by:
B8DC928067D247D...

Robert Warshauer

**IN WITNESS WHEREOF**, the undersigned sole member of BLH Investment LLC has hereby executed this written consent as of the date first written above.

**FLORIDA INVESTMENT HOLDINGS LLC**

Signed by:

By: Kolleen Cobb
60998CB221904A6...

Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned members of the Board of Brightline Holdings LLC have hereby executed this written consent as of the date first written above.

**BOARD OF DIRECTORS OF**
**BRIGHTLINE HOLDINGS LLC**

Signed by:
Kenneth Nicholson
39654B6E5878469...
Kenneth Nicholson

DocuSigned by:
1023694A83EB48F...
Demetrios Tserpelis

Signed by:
C533B30B00E3437...
Esdres Montolio

Signed by:
0DBFF0FF6164426...
Alan Carr

DocuSigned by:
Robert Warshauer
B8DC928067D247D...
Robert Warshauer

**IN WITNESS WHEREOF**, the undersigned sole member of BL Florida LLC has hereby executed this written consent as of the date first written above.

**BRIGHTLINE HOLDINGS LLC**

Signed by:

By: Kolleen Cobb
60998CB221904A6...

Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned sole member of Brightline Property Holdings LLC has hereby executed this written consent as of the date first written above.

**BRIGHTLINE HOLDINGS LLC**

Signed by:

By: Kolleen Cobb
60998CB221004A6...

Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned sole member of Brevard FGT LLC has hereby executed this written consent as of the date first written above.

**BRIGHTLINE PROPERTY HOLDINGS LLC**

Signed by:
By: Kolleen Cobb
60998CB221904A6...
Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned sole member of Brightline Management LLC has hereby executed this written consent as of the date first written above.

**BRIGHTLINE HOLDINGS LLC**

Signed by:
By: Kolleen Cobb
60998CB221904A6...
Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned sole member of New Flagler Development LLC has hereby executed this written consent as of the date first written above.

**BRIGHTLINE HOLDINGS LLC**

Signed by:
By: Kolleen Cobb
60998CB221904A6
Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned sole member of Flagler Management LLC has hereby executed this written consent as of the date first written above.

**NEW FLAGLER DEVELOPMENT LLC**

Signed by:
By: Kolleen Cobb
60998CB221004A6...

Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned sole member of Flagler Management West LLC has hereby executed this written consent as of the date first written above.

**NEW FLAGLER DEVELOPMENT LLC**

Signed by:

By: Kolleen Cobb
60998CB221904A6...

Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned sole member of AAF Jacksonville Segment LLC has hereby executed this written consent as of the date first written above.

**BRIGHTLINE HOLDINGS LLC**

Signed by:

By: Kolleen Cobb
60998CB221904A6...

Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned sole member of DT Miami LLC has hereby executed this written consent as of the date first written above.

**BRIGHTLINE HOLDINGS LLC**

Signed by:
Kolleen Cobb
60998CB221904A6...

By: ______________________________
Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned members of the Board of AAF Operations Holdings LLC have hereby executed this written consent as of the date first written above.

**BOARD OF MANAGERS OF AAF OPERATIONS HOLDINGS LLC**

Signed by:
Kenneth Nicholson
39654B6E5878469...

Kenneth Nicholson

DocuSigned by:
1023694A83EB48F...

Demetrios Tserpelis

Signed by:
36861863456141B...

Patrick Goddard

Signed by:
0DBFF0FF6164426...

Alan Carr

DocuSigned by:
Robert Warshauer
B8DC928067D247D...

Robert Warshauer

**IN WITNESS WHEREOF**, the undersigned members of the Board of Brightline East LLC have hereby executed this written consent as of the date first written above.

**BOARD OF MANAGERS OF BRIGHTLINE EAST LLC**

Signed by:
Kenneth Nicholson
39654B6E5878469...

Kenneth Nicholson

DocuSigned by:
1023694A83EB48F...

Demetrios Tserpelis

Signed by:
36861863456141B...

Patrick Goddard

Signed by:
0DBFF0FF6164426...

Alan Carr

DocuSigned by:
Robert Warshauer
B8DC928067D247D...

Robert Warshauer

Signed by:
Kristine Eppes
60E0F945DA39432...

Kristine Eppes, Independent Manager, solely with respect to the authorization of filing a Bankruptcy Case for this entity and, to the extent necessary under the East LLCA, her approval of the motion seeking entry of the DIP Order, entry into each Intercompany Note and the consummation of the transactions contemplated thereunder

**IN WITNESS WHEREOF**, the undersigned sole member of Brightline East LLC has hereby executed this written consent as of the date first written above.

**AAF OPERATIONS HOLDINGS LLC**

Signed by:
By: Kolleen Cobb
60998CB221904A6...
Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned members of the Board of BLTF Holdings LLC have hereby executed this written consent as of the date first written above.

**BOARD OF MANAGERS OF BLTF HOLDINGS LLC**

Signed by:
Kenneth Nicholson
39654B6E5878469...

Kenneth Nicholson

DocuSigned by:
1023694A83EB48F...

Demetrios Tserpelis

Signed by:
36861863456141B...

Patrick Goddard

Signed by:
0DBEE0EE6164426...

Alan Carr

DocuSigned by:
Robert Warshauer
B8DC928067D247D...

Robert Warshauer

Signed by:
Kristine Eppes
60E0F945DA39432...

Kristine Eppes, Independent Manager, solely with respect to the authorization of filing a Bankruptcy Case for this entity and, to the extent necessary under the BLTF LLCA, her approval of the motion seeking entry of the DIP Order, entry into each Intercompany Note and the consummation of the transactions contemplated thereunder

**IN WITNESS WHEREOF**, the undersigned members of the Board of Brightline Trains Florida LLC have hereby executed this written consent as of the date first written above.

**BOARD OF MANAGERS OF**
**BRIGHTLINE TRAINS FLORIDA LLC**

Signed by:
Kenneth Nicholson
39654B6E5878469...
_______________________________
Kenneth Nicholson

DocuSigned by:
1023694A83EB48E
_______________________________
Demetrios Tserpelis

Signed by:
36861863456141B
_______________________________
Patrick Goddard

Signed by:
0DBEE0FE6164426...
_______________________________
Alan Carr

DocuSigned by:
Robert Warshauer
B8DC928067D247D...
_______________________________
Robert Warshauer

Signed by:
Kristine Eppes
60E0F945DA39432...
_______________________________
Kristine Eppes, Independent Manager, solely with respect to the authorization of the Amendment of the Brightline Trains Florida LLCA and, to the extent necessary under the Brightline Trains Florida LLCA, her approval of the motion seeking entry of the DIP Order, entry into each Intercompany Note and the consummation of the transactions contemplated thereunder

**IN WITNESS WHEREOF**, the undersigned sole member of BLTF Holdings LLC has hereby executed this written consent as of the date first written above.

**BRIGHTLINE EAST LLC**

Signed by:
By: Kolleen Cobb
60098CB221904A6...
Name: Kolleen Cobb
Title: Authorized Person

**IN WITNESS WHEREOF**, the undersigned sole member of Brightline Trains Florida LLC has hereby executed this written consent as of the date first written above.

**BLTF HOLDINGS LLC**

Signed by:

By: Kolleen Cobb
60008CB221004A6...

Name: Kolleen Cobb
Title: Authorized Person

# **ANNEX A**

1. Brightline East LLC
2. Brightline Management LLC
3. BL Florida LLC
4. Brightline Holdings LLC
5. BLH Investment LLC
6. Florida Investment Holdings LLC
7. FIHP LLC
8. FIHPNP LLC
9. FIHPNPNJ LLC
10. New Flagler Development LLC
11. Flagler Management LLC
12. Flagler Management West LLC
13. AAF Jacksonville Segment LLC
14. Brightline Property Holdings LLC
15. Brevard FGT LLC
16. DT Miami LLC